Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Matthew R. Snyder (SBN 350907)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com

Alex D. Kruzyk* (to seek admission *pro hac vice*)
akruzyk@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tamora Whitfield, *individually and on behalf of all others similarly situated*, | ) <br> ) Case No. 2:24-cv-9312 <br> ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** <br> ) |
| vs. | ) **JURY TRIAL DEMANDED** <br> ) |
| eXp Realty of California, Inc., | ) <br> ) |
| Defendant. | ) <br> ) |

Class Action Complaint - 1

## Nature of this Action

1. Tamora Whitfield ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against eXp Realty of California, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

## Parties

3. Plaintiff is a natural person who at all relevant times resided in Los Angeles, California.

4. Defendant is a Washington corporation with its principal place of business in Bellingham, Washington.

5. Defendant is a California-licensed real estate broker, and the State of California Department of Real Estate's records show at least 6,387 salespersons affiliated with Defendant.

6. Defendant is headquartered at 2219 Rimland Dr., Ste 301, Bellingham, Washington 98226.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(1)(a)(iii), and 28 U.S.C. § 1331.

8. Venue is proper before this Court under 28 U.S.C. § 1391(b)(1) and (b)(2) as Plaintiff resides in this district, and a significant portion of the events giving rise to this action occurred in this district.

9. In particular, Defendant directed its solicitation calls and text messages to Plaintiff's telephone in this district, and Plaintiff received Defendant's calls and text messages in this district.

**Factual Allegations**

10. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's cellular telephone number—(213) 509-XXXX.

11. Plaintiff uses this cellular telephone number as their personal residential telephone number.

12. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

13. Plaintiff registered their cellular telephone number with the DNC Registry on August 19, 2017.

14. Since early 2024, Plaintiff has received a constant barrage of phone calls and text messages, largely from unknown entities, soliciting Plaintiff to either sell their property, or soliciting Plaintiff to use various real estate services to sell property.

15. Then, in August 2024, Plaintiff received a series of calls and text messages from Defendant.

16. More specifically, on August 30, 2024, a "Jaime Mendez" called Plaintiff from the telephone number (661) 543-9435, seeking to offer services to help Plaintiff sell property:



17. According to the State of California Department of Real Estate's records, Jaime Mendez is a California-licensed real estate salesperson assigned to Defendant's brokerage.

18. Upon information and belief, Mr. Mendez is an employee, agent, or authorized representative of Defendant.

19. Upon information and belief, Mr. Mendez contacted Plaintiff in order to generate business for Defendant.

20. On the same day after that call, Jaime Mendez sent multiple text messages from the telephone number (661) 543-9435, providing his contact information and requesting that Plaintiff contact him when Plaintiff wishes to sell a family-owned property:

Class Action Complaint - 4



21. In total, Plaintiff estimates receiving dozens of real estate-related calls from a rotating series of telephone numbers since early 2024, but is uncertain how many of those calls came from Defendant, as none of those callers—including telephone numbers traced directly to Defendant—provide caller identification information

22. The license number provided in the above-referenced text message matches the license number for Jaime Mendez of eXp California.

23. Defendant's national brand website, exprealty.com, lists Mr. Mendez as one of their real estate agents, listing the above-referenced (661) 543-9435 telephone number as Mr. Mendez's telephone number.[1]

---

[1] https://exprealty.com/agents/jaime-mendez-63775cf3-1505-11ed-bbac-a1bdd9c3b5a8/ (last visited September 26, 2024).

24. The calls and messages placed by telephone number (661) 543-9435 to Plaintiff were not the result of a person or entity impersonating Mr. Mendez or Defendant.

25. Each of the calls and text messages were for the purposes of telemarketing and soliciting Defendant's business as a real estate brokerage, in order to convince Plaintiff to utilize Defendant's services to list family-owned property.

26. The FCC's guidance is particularly illuminating here. Congress charged the FCC with implementing the Federal Do-Not-Call rules. 47 U.S.C. § 227(c)(1). In 2005, the National Association of Realtors petitioned the FCC for an exemption from the Do-Not-Call rules' definition of "solicitation" for calls made by real estate agents to property owners with lapsed real estate listings, where the real estate agent solicits their services to a prospective seller. *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 20 F.C.C. Rcd. 3788 (2005). In interpreting the definition of "telephone solicitation," the FCC rejected this proposed exemption, and concluded "that a telephone solicitation would include calls by real estate agents to property owners for the purpose of offering their services to the owner, whether the property listing has lapsed or not." *Id.* at 3793-94.

27. In other words, the FCC has expressly declared that Defendant's conduct qualifies as a regulated telephone solicitation which accordingly must adhere to both 1) the DNC Registry; and 2) the requirement that a telemarketer obtain prior express written consent before sending any telemarketing or solicitation messages.

28. Plaintiff did not request real estate services from Defendant, did not use Defendant's website or submit any inquiries on it, and did not otherwise communicate with Defendant prior to receiving these telemarketing communications.

29. Plaintiff did not recognize the sender of these calls or text messages, did not request any real estate services from Defendant, and did not previously interact with Defendant.

30. Plaintiff is not, and was not, interested in Defendant's services or marketing.

31. Plaintiff did not give Defendant prior express consent or prior express written consent to call or send text messages to their cellular telephone number.

32. In fact, Plaintiff does not even own the properties referenced by the subject communications; rather, Plaintiff believes that the telephone calls and text messages were instead seeking Plaintiff's family members, at least one of whom *does* own multi-family properties in Los Angeles, but who also did not seek to sell property or use Defendant's services.

33. Thus, not only did Defendant call a wrong telephone number, the person that Defendant presumably intended to contact also did not provide Defendant with prior express consent to receive solicitation or telemarketing messages, and did not seek to sell their properties or use Defendant's services.

34. Upon information and good faith belief, rather than by responding to a consumer's inquiry and provision of consent, Defendant obtained Plaintiff's telephone number via public records searches or third-party databases that link the suspected telephone numbers with the suspected owners of the properties.

35. Upon information and belief, Defendant placed the calls and sent the text messages at issue to Plaintiff's cellular telephone number for non-emergency purposes.

36. Upon information and belief, Defendant placed the calls and sent the text messages at issue to Plaintiff's cellular telephone numbers voluntarily.

37. Upon information and belief, Defendant placed the calls and sent the text messages at issue to Plaintiff's cellular telephone numbers under its own free will.

38. Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing calls or text messages to their cellular telephone number.

39. The purpose of the solicitation calls and messages at issue was to advertise and to market Defendant's business or services.

40. Plaintiff suffered actual harm as a result of the calls and text messages at issue in that they suffered an invasion of privacy, an intrusion into their lives, and a private nuisance.

41. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered their cellular telephone number with the DNC Registry.

42. Based on Defendant's clear disregard of Plaintiff's registration with the DNC Registry, Defendant acted willfully and intentionally through its violations of the TCPA.

43. Defendant's conduct is also consistent with the conduct alleged in *Wright, et al. v. EXP Realty, LLC*, Case No. 6:18-cv-018151, which resulted in a court-approved class settlement pursuant to Federal Rule of Civil Procedure 23(e).

44. As a result, Defendant knew, or should have known, that it and its affiliates and employees were, and are, engaging in prohibited telemarketing conduct by delivering solicitation calls and messages, absent prior express written consent, to consumers who registered their telephone numbers on the DNC Registry.

45. Defendant knew, or should have known, that it was generating or accepting leads that were obtained in violation of the TCPA, and—despite having a heightened duty to confirm that Defendant and its employees complied with the TCPA in the face of numerous prior consumer complaints—proceeded to accept the benefits of those unlawful leads anyway.

46. Defendant also appears to provide "Powerful lead generation

platforms" to its agents, along with training and mentorship for lead generation techniques.[2]

47. Moreover, upon information and good faith belief, Defendant receives a portion of commission proceeds derived from any representation of a consumer by its affiliates and employees.[3]

48. If a consumer were to give prior express written consent to Defendant to receive telemarketing text messages, they do so by "consent[ing] to receive autodialed and/or pre-recorded telemarketing calls and/or text messages on provided number from or on behalf of CRMLS - eXp Realty of California, Inc. CA DRE#01878277 or it's participating lenders or affiliates; from the following telephone number: 714-640-6959, or from other numbers related to or affiliated with the company..."[4]

49. Lastly, to the extent that Defendant contend that the conduct of Mr. Mendez cannot be imputed to it, upon information and good faith belief, Defendant, and its national affiliate, eXp Realty LLC, mandate the following:

> All real estate brokerage relationships established for any real estate transactions, regardless of agency status, exist solely as between eXp and the client (or customer), and not as between Agent and the client (or customer). Agent provides real estate services to the client (or customer) on eXp's behalf; all listings taken by Agent in connection with eXp's business are and remain the separate and exclusive property of eXp, and not of Agent. During the Term of this ICA, Agent shall diligently carry out Agent's duties on behalf of eXp with all reasonable

---

[2] https://cdn.bfldr.com/BI7DUWTF/at/f5pqbmkb9rrm648rbjb44b/US_eXp_Explained_-_JOIN_SITE_updated_05022024.pdf, at 11 (last visited September 26, 2024).

[3] *See, e.g.*, https://explore.exprealty.com/wp-content/uploads/2021/06/US-eXp-Realty-ICA-Version-05.01.2021-SAMPLE-watermarked-1-1.pdf. A courtesy copy is attached hereto as "Exhibit A."

[4] https://ca.exprealty.com/terms.php (last visited September 26, 2024).

Class Action Complaint - 9

skill, care, and diligence as expected of a licensed real estate professional in Agent's state(s) of licensure.[5]

50. As a result, Defendant is either directly liable for sending the calls and text messages at issue, or in the alternative, is liable for Mr. Mendez sending the text messages at issue on a theory of actual authority, implied authority, or ratification, given that the messages directed consumers to Defendant's brokerage for real estate representation, Defendant had notice that it, and its various affiliates, engaged in similar telemarketing conduct in violation of the TCPA, and Defendant nevertheless continued to accept the benefits of its agents' conduct.

## Class Action Allegations

51. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class (the "Class"):

> All persons throughout the United States (1) to whom eXp Realty of California, Inc. delivered, or caused to be delivered, more than one text message or telephone call within a 12-month period, promoting eXp Realty of California, Inc.'s, or its business partners', goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before eXp Realty of California, Inc. delivered, or caused to be delivered, at least two of the calls or text messages within the 12-month period, and (3) within four years preceding the date of this complaint through the date of class certification.

52. Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

53. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

---

[5] Ex. A at 2.

54. The exact number of members of the Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

55. The members of the Class are ascertainable because the Class is defined by reference to objective criteria.

56. In addition, the members of the Class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Class.

57. Plaintiff's claims are typical of the claims of the members of the Class.

58. As they did for all members of the Class, Defendant delivered solicitation calls or text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered their cellular telephone number with the DNC Registry.

59. Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendant.

60. Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

61. Plaintiff suffered the same injuries as the members of the Class.

62. Plaintiff will fairly and adequately protect the interests of the members of the Class.

63. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

64. Plaintiff will vigorously pursue the claims of the members of the Class.

65. Plaintiff has retained counsel experienced and competent in class action litigation.

66. Plaintiff's counsel will vigorously pursue this matter.

67. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

68. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

69. Issues of law and fact common to all members of the Class include:

   a. Defendant's practice of delivering calls or text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   b. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing solicitation calls or messages;

   c. Defendant's conduct, pattern, and practice as it pertains to obtaining prior express written consent from a consumer before delivering advertisement and telemarketing calls or text messages to that consumer's telephone number;

   d. Whether Defendant is responsible for the conduct of its agents and employees;

   e. Defendant's violations of the TCPA; and

   f. The availability of statutory penalties.

70. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

71. If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

72. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

73. The pursuit of separate actions by individual members of the Class

could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

74. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

75. The damages suffered by the individual member of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

76. The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

77. There will be no extraordinary difficulty in the management of this action as a class action.

78. Defendant acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Class**

79. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-78.

80. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

81. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

82. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

83. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

84. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

85. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

86. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a. Determining that this action is a proper class action;

 b. Designating Plaintiff as class representative of the proposed Class under Federal Rule of Civil Procedure 23;

 c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

    d.    Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

    e.    Enjoining Defendant from continuing its violative behavior, including continuing to deliver solicitation calls or text messages to telephone numbers registered with the DNC Registry for at least thirty days;

    f.    Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

    g.    Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

    h.    Awarding Plaintiff and the members of the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

    i.    Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

    j.    Awarding such other and further relief as the Court may deem just and proper.

## **TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: October 29, 2024                                  Respectfully submitted,

                                              **THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

                                              By:  /s/ Todd M. Friedman
                                                    Todd M. Friedman

|   |   |
|---|---|
| 1 | **Pardell, Kruzyk & Giribaldo, PLLC** |
| 2 | Alex D. Kruzyk* (to seek admission *pro hac vice*) |
| 3 | akruzyk@pkglegal.com |
| 4 | **PARDELL, KRUZYK & GIRIBALDO, PLLC** |
| 5 | 7500 Rialto Blvd. Suite 1-250<br>Austin, Texas 78735 |
| 6 | Tele: (561) 726-8444<br>akruzyk@pkglegal.com |
| 7 | |
| 8 | *Counsel for Plaintiff and the proposed class* |