UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMORA WHITFIELD,<br><br>                Plaintiff,<br><br>    v.<br><br>EXP REALTY OF CALIFORNIA, INC.,<br><br>                Defendants. | Case No. 2:24-cv-09312-FLA (BFMx)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE CONSOLIDATED WITH DIANNA STINNETT V. EXP REALTY OF CALIFORNIA, INC., *ET AL.*, CASE NO. 2:24-CV-05349-FLA (BFMx)** |

## ORDER TO SHOW CAUSE

Pursuant to Fed. R. Civ. P. 42(a), a court may consolidate actions involving "a common question of law or fact" and has "broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989); *see also In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (courts "may consolidate cases *sua sponte*") (citation omitted). "To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003) (citation omitted).

Here, it appears the benefits of judicial economy and convenience from consolidating this action with *Dianna Stinnett v. EXP Realty of California, Inc., et al.*, Case No. 2:24-cv-05349-FLA (BFMx) ("Stinnett Action") outweighs any potential for delay, confusion, and prejudice, as each action asserts claims against the same defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

Accordingly, the parties are ORDERED TO SHOW CAUSE in writing only within fourteen (14) days of this Order why this action should not be consolidated with the Stinnett Action. Responses shall be limited to five (5) pages in length. Failure to respond may result in consolidation of the actions without further notice.

IT IS SO ORDERED.

Dated: March 5, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge